63 P.3d 482

**BHA INVESTMENTS, INC., an Idaho corporation, on behalf of itself and all others similarly situated, Plaintiffs–Appellants,**

**v.**

**CITY OF BOISE, a body politic corporate of the State of Idaho, Defendant–Respondent.**

No. 28039.

Supreme Court of Idaho, Boise, December 2002 Term.

Jan. 30, 2003.

Davison, Copple, Copple & Copple, Boise, for appellants. Edward J. Guerricabeitia argued.

Boise City Attorney's Office, Boise, for respondent. J. Paige Wilkins argued.

SCHROEDER, Justice.

Upon selling its liquor license to a third party, BHA Investments, Inc. (BHA) was required to pay a transfer fee to the City of Boise (the City) equal to 7½% of the sale price, pursuant to Boise City Code section 5–05–10. BHA argues that (1) the City is not specifically authorized by Idaho statute to impose a liquor license transfer fee; (2) the fee is a disguised and unconstitutional tax; (3) the fee is an unconstitutional taking of property for a public purpose without just compensation; and (4) the fee is an unjust enrichment for the City. The district court

dismissed the case, finding no claim upon which relief could be granted. BHA appeals.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2000, BHA sold an Idaho State liquor license to Power House, LLC for $115,000.00. BHA notified the State of Idaho Alcohol Beverage Control Board (the State) of the purchase. The State instructed BHA to submit an application for transfer to the Director of the Idaho State Police, who would investigate the application and license transfer pursuant to I.C. § 23–908(2) and I.C. § 23–907. The Director approved the license transfer and BHA submitted the transferred license to the City. Pursuant to Boise City Code 5–05–10, BHA paid a transfer fee of $8,625.00 to the City, under protest.

BHA filed a complaint in district court for itself and others similarly situated arguing that the fee was a disguised tax, an illegal taking, and an unjust enrichment for the City. The City answered and moved to dismiss for failure to state a claim upon which relief could be granted. Following hearing, the district court granted the motion to dismiss, holding that I.C. § 23–916 granted authority to municipalities to impose both annual liquor license fees and liquor license transfer fees. The district court did not address the remaining issues on the basis that they were moot. BHA appealed.

## II.

### THE CITY OF BOISE IS NOT STATUTORILY AUTHORIZED TO IMPOSE AND COLLECT A TRANSFER FEE

#### A. Standard of Review

This case comes to the Court on review of a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. In *Bradbury v. Idaho Judicial Council,* 136 Idaho 63, 67, 28 P.3d 1006, 1010 (2001), this Court stated the standard of review relevant to this case:

> The Court's standard of review for an order of the district court dismissing a case

pursuant to I.R.C.P. 12(b)(6) is the same as the summary judgment standard of review. *See Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *see also Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. *Coghlan,* 133 Idaho at 398, 987 P.2d at 310. "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'" *Id. citing Orthman* 126 Idaho at 962, 895 P.2d at 563, *quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974) (citation omitted).

#### B. The Boise City liquor license transfer fee is not authorized by Idaho statute.

At issue in this case is a liquor license transfer fee imposed by Boise City Code § 5–05–10(B). That code section states, "The fee for transferring a liquor license shall be seven and one-half percent (7½ %) of the purchase price of the liquor license or the cost of goodwill, whichever is greater." Boise City Code § 5–05–10(B). BHA argues that Boise City does not have specific statutory authority from the Idaho legislature to impose such a transfer fee.

The Idaho state legislature has "full power and authority" over the regulation of liquor within the state. Idaho Const. art. III, § 26. Any authority of counties or municipalities to regulate such business must flow from an explicit grant of power from the state legislature. The City relies on Idaho Code section 23–916 which is the only statute that grants any such authority to cities and counties.

> 23–916. **County and city licenses.**—In addition to the licensing and control herein provided for the retail sale of liquor by the drink, each county and incorporated city in the state of Idaho is hereby authorized and empowered to license the sale of liquor by the drink at retail within the corporate limits of such city. *The respective local*

*authorities may impose and collect license fees for the use and benefit of such city not to exceed seventy-five percent (75%) of the amount of the license fee collected by the director as herein provided* and for the use and benefit of such county not to exceed twenty-five percent (25%) of the amount of the license fee collected by the director as herein provided. The governing authority of such city may provide further regulations for the control of such business, and the board of county commissioners of any county may fix the fee for, and may regulate and control the use of, any license issued for the sale of liquor by the drink at retail in any licensed premises not situate within the incorporated limits of any city, not in conflict with the provisions of this act.

I.C. § 23–916 (emphasis added). The question is whether this statute grants cities authority to collect both annual license fees and transfer fees.

The object in interpreting a statute is to "derive the intent of the legislative body that adopted the act." *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County,* 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). "Such analysis begins with the literal language of the enactment." *Id.* at 557, 976 P.2d at 483. If the statutory language is unambiguous, "the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." *Id.* at 557, 976 P.2d at 483.

The Idaho Court of Appeals described when a statute is ambiguous in *State v. Browning:*

A statute is ambiguous when the meaning is so doubtful or obscure that "reasonable minds might be uncertain or disagree as to its meaning." *Hickman v. Lunden,* 78 Idaho 191, 195, 300 P.2d 818, 819 (1956). "However, ambiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered

ambiguous.... [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it." *Rim View Trout Co. v. Higginson,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992).

123 Idaho 748, 750, 852 P.2d 500, 502 (Ct. App.1993).

This statute is not ambiguous. The plain language of I.C. § 23–916 provides cities with authority to impose a license fee, not a transfer fee. The license fees from section 23–904, titled "License fees," are the fees to which the statute plainly refers. I.C. § 23–916 predates the statute allowing the state to collect transfer fees. Therefore, I.C. § 23–916 could not have been drafted to include transfer fees, since they were non-existent when I.C. § 23–916 was passed.[1] The legislature has not changed the relevant language of the statute granting cities authority to collect a "license fee" since the passage of the transfer fee statute in 1980. The state legislature has not granted cities the authority to impose a transfer fee. The City exceeded its power in collecting the transfer fee.

## III.

## CONCLUSION

The liquor license transfer fee imposed pursuant to Boise City Code section 5–05–10(B) is not authorized by the state legislature. The decision of the district court is reversed. BHA is awarded costs. No attorney fees are awarded.

Justices WALTERS, KIDWELL, EISMANN and Justice Pro Tem HOHNHORST concur.

---

1. Idaho Code section 23–916 was originally passed in 1947, 1947 Idaho Sess. Laws ch. 274, § 26, and the statute allowing the state to collect a fee for transferring a liquor license was not passed until 1980. 1980 Idaho Sess. Laws ch. 313, § 2.