108 P.3d 315

BHA INVESTMENTS, INC., an Idaho corporation, on behalf of itself and all others similarly situated, Plaintiffs–Appellants,

v.

CITY OF BOISE, a body politic corporate of the State of Idaho, Defendant–Respondent.

Bravo Entertainment, L.L.C., an Idaho Limited Liability Company, and Splitting Kings, L.L.C., and Idaho Limited Liability Company, Plaintiffs–Appellants,

v.

City of Boise, a body politic corporate of the State of Idaho, Defendant–Respondent.

Nos. 30004 & 30409.

Supreme Court of Idaho, Boise, February 2005 Term.

Feb. 18, 2004.

Davison, Copple, Copple & Copple, Boise, for appellants. Edward J. Guerricabeitia argued.

Cary B. Colaianni, Boise City Attorney, for appellants. J. Paige Wilkins argued.

EISMANN, Justice.

These are consolidated appeals. *BHA Investments, Inc. v. City of Boise* is an appeal from the district court's decision not to certify the case as a class action. We affirm the district court and award attorney fees on appeal. *Bravo Entertainment, L.L.C. v. City of Boise* is an appeal from a judgment holding that the City was not required to refund an illegally imposed fee. We affirm the judgment insofar as it dismisses the state causes of action and vacate that portion of the judgment dismissing the federal cause of action.

## I. FACTS AND PROCEDURAL HISTORY

*BHA Investments, Inc.* The Plaintiff BHA Investments, Inc., (BHA) is an Idaho corporation whose only asset was a liquor license issued by the state of Idaho. On July 17, 2000, the Power House LLC purchased all of the stock in BHA in order to acquire the liquor license. Pursuant to Boise City Code 5–05–10, the Defendant City of Boise (City) charged BHA a fee of $8,625.00 in order for the liquor license to be transferred to the Power House LLC. BHA paid the fee under protest.

On July 23, 2001, BHA filed a complaint in the district court seeking to maintain a class action lawsuit to recover the liquor license transfer fees paid to the City by it and others. Upon the City's motion, the district court dismissed the complaint on the ground that Idaho Code § 23–916 granted municipalities the authority to impose liquor license transfer fees. BHA appealed, and we reversed, holding that the City had no authority to charge such a fee. *BHA Investments, Inc. v. City of Boise,* 138 Idaho 356, 63 P.3d 482 (2003).

The case was remanded to the district court, and on June 2, 2003, BHA filed a

motion for summary judgment and a motion for class certification. The district court granted the motion for summary judgment and denied the motion for class certification. On August 11, 2003, it entered judgment on behalf of BHA against the City for the sum of $8,625.00 plus prejudgment interest at the statutory rate from October 25, 2000, to the date of the judgment. BHA timely appealed.

*Bravo Entertainment, L.L.C. v.City of Boise.* On December 14, 2000, Bravo Entertainment, L.L.P., purchased a liquor license. The City charged it a liquor license transfer fee of $9,000. Bravo immediately leased the liquor license to Splitting Kings, d/b/a The Big Easy, (Splitting Kings) which agreed to pay the transfer fee as part of the lease agreement. On December 14, 2000, Splitting Kings paid the fee to the City. On February 26, 2003, Bravo Entertainment, L.L.P. was dissolved, and all of its assets were transferred to the Plaintiff Bravo Entertainment, L.L.C., (Bravo). It owns a 60% majority interest in Splitting Kings.

On August 20, 2003, Bravo filed a complaint seeking damages from the City for the wrongful taking of its property and for unjust enrichment. Both parties moved for summary judgment. In response to the City's contention that Bravo was not the real party in interest, the district court on October 31, 2003, permitted Splitting Kings to be added as a plaintiff, and it joined in the motion for summary judgment.

On December 17, 2003, the district court issued its memorandum decision and order denying Bravo and Splitting Kings's motion for summary judgment and granting the City's motion for summary judgment. The district court ruled in favor of the City on three grounds: (1) Bravo and Splitting Kings had failed to satisfy the notice requirements of Idaho Code §§ 50–219 and 6–906; (2) this Court's opinion in *BHA Investments, Inc. v. City of Boise,* 138 Idaho 356, 63 P.3d 482 (2003) (*BHA I*), would not be applied retroactively to cases that were not pending at the time of the opinion; and (3) the fee charged by the City was a disguised tax and a party cannot obtain reimbursement of a tax unless it is paid "under protest." Bravo and Splitting Kings appealed, and on February 5,

2004, the district court entered its judgment dismissing their complaint.

Both cases were consolidated for the appeal.

## II. ISSUES ON APPEAL

A. Did the district court err in denying BHA's motion for class certification?

B. Did the district court err in granting the City's motion for summary judgment and dismissing Bravo and Splitting Kings's complaint?

C. Is any party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Denying BHA's Motion for Class Certification?

■ BHA sought certification of its lawsuit as a class action under Rules 23(a) and (b) of the Idaho Rules of Civil Procedure. BHA alleged that there would be seventeen members in the class, all of whom were known persons or entities within the City. In denying the motion for class certification, the district court held, "While there is not a specific number of members required in order to be considered 'so numerous' that joinder of all members is impracticable, the Court finds that 17 members is not sufficient to be considered 'numerous' in this case."

■ The decision of a trial court to grant or deny class certification is reviewable on appeal under an abuse-of-discretion standard. *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). When deciding whether a trial court has abused its discretion, this Court considers three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Bream v. Benscoter,* 139 Idaho 364, 79 P.3d 723 (2003).

In order to certify a lawsuit as a class action, the trial court must find that all four

factors in Rule 23(a) exist and that at least one factor in Rule 23(b) exists. If the court finds that a necessary factor is absent, it need not address the other factors. The first factor in Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." The district court determined that this factor had not been met, and therefore denied class certification. The district court did not abuse its discretion in deciding that seventeen known entities located within the City did not constitute a class that was so numerous that joinder of all members is impracticable.

**B. Did the District Court Err in Granting the City's Motion for Summary Judgment and Dismissing Bravo and Splitting Kings's Complaint?**

■ **1. Did the exaction of the liquor license transfer fee constitute a taking of property?** In their complaint, Bravo and Splitting Kings alleged that the City's fee to transfer a liquor license constituted a taking of its property without just compensation in violation of the United States and Idaho Constitutions. Citing *BHA Investments, Inc. v. State,* 138 Idaho 348, 63 P.3d 474 (2003), the City argues that because a liquor license is not property, the imposition of an unlawful transfer fee for a liquor license does not constitute the taking of property. The City misreads that case.

In *BHA Investments, Inc. v. State,* we stated, "The primary argument of BHA is that the money in excess of a reasonable transfer fee is a taking." 138 Idaho at 355, 63 P.3d at 481. BHA contended that the amount of the fee must bear a reasonable relationship to the value of the services rendered and any excess charged over such amount constituted an unconstitutional taking of property. We noted that a liquor license fee, including the transfer fee at issue, was imposed by the State pursuant to its police power. As such, we stated, "Liquor license fees may be imposed to such a degree that the amount effectively discourages entrance in the business. The funds for a transfer fee need not relate specifically to the amount needed to investigate the transfer." 138 Idaho at 353, 63 P.3d at 479 (internal

citations omitted). We held that because of the latitude given the State under its police power to impose fees for liquor licenses, the transfer fee at issue was not an unconstitutional taking of property. As we stated, "Deference is given to the State in its use of the police power in this case regarding the transfer fee. There is no unconstitutional taking under either the Idaho or United States Constitution." 138 Idaho at 355, 63 P.3d at 481. Our holding in *BHA Investments, Inc. v. State* has no application to this case because the City does not have the power to charge a fee for transferring a liquor license. *BHA I.*

■ The City argues, "Money associated with the transfer of a liquor license is not property." Of course, if that argument were valid then the City should have no problem returning the money it unlawfully exacted, since it would not be returning property. Money is clearly property that may not be taken for public use without the payment of just compensation. *Brown v. Legal Found. of Wash.,* 538 U.S. 216, 123 S.Ct. 1406, 155 L.Ed.2d 376 (2003).

In *BHA Investments, Inc. v. State* we quoted from *San Remo Hotel L.P. v. City and County of San Francisco,* 27 Cal.4th 643, 117 Cal.Rptr.2d 269, 41 P.3d 87, 106 (2002), as follows: "To put the matter simply, the taking of money is different, under the Fifth Amendment, from the taking of real or personal property. The imposition of various monetary exactions—taxes, special assessments, and user fees—has been accorded substantial judicial deference." Although we acknowledged that the taking of money by a governmental entity in connection with the granting of a privilege is viewed differently from the taking of real or personal property, in that the taking of money in that circumstance has been accorded greater judicial deference, we did not hold that money was not property. Since the City had no authority to charge the liquor license transfer fee, its exaction of the fee constituted a taking of property under the United States and Idaho Constitutions.

■ **2. Does our holding in *BHA I* apply to this case?** In *BHA I* we held that the City's ordinance imposing a liquor license

transfer fee was invalid because the legislature had not granted cities the authority to impose such a fee. The district court held that our decision in *BHA I* should not be applied retroactively to Bravo and Splitting Kings's case because the City had relied upon the validity of its ordinance in collecting such fees.

 The decisions of this Court apply prospectively, to all future cases. The issue is whether and to what extent they apply retroactively to past or pending cases. The usual rule is that decisions of this Court apply retroactively to all past and pending cases. *State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978). For policy reasons, however, this Court has discretion to limit the retroactive application of a particular decision. We may hold that it does not apply even to the case in which the decision was announced; or that it applies only to that case and not to other past or pending cases; or that it applies to both that case and pending cases, but not to past cases. *Jones v. Watson*, 98 Idaho 606, 570 P.2d 284 (1977). When deciding whether to limit the retroactive application of a decision, we weigh three factors: (1) the purpose of the decision; (2) the reliance upon the prior law; and (3) the effect upon the administration of justice if the decision is applied retroactively. *Thompson v. Hagan*, 96 Idaho 19, 523 P.2d 1365 (1974). We balance the first factor against the other two to determine whether to limit the retroactive application of the decision. *Jones v. Watson*, 98 Idaho 606, 570 P.2d 284 (1977).

The first factor is the purpose of our decision in *BHA I*. The purpose of that decision was to prevent the City from wrongfully taking property it had no authority to take. The decision vindicated the protections under the United States and Idaho Constitutions that prohibit the government from taking property for a public purpose without the payment of just compensation.

The second factor is the reliance upon the prior law. The City contends that it has relied upon the validity of its ordinance by collecting liquor license transfer fees totaling $121,512.50 from a total of twenty-four entities (including BHA) since 1993. The reliance factor is not significant in this case. No appellate court in Idaho had previously held that cities could impose a liquor license transfer fee. The City claimed that Idaho Code § 23–916 authorized it to impose such fee, but in *BHA I* we held, "This statute is not ambiguous. The plain language of I.C. § 23–916 provides cities with authority to impose a license fee, not a transfer fee." 138 Idaho at 358, 63 P.3d at 484. The City's reliance upon its own clearly invalid ordinance is not entitled to significant weight.

The third factor is the effect on the administration of justice, "that is, the number of cases that would be reopened if the decision is applied retroactively," *V–1 Oil Co. v. Idaho Petroleum Clean Water Trust Fund*, 128 Idaho 890, 895, 920 P.2d 909, 914 (1996), or the increase in the number of cases resulting from the determination regarding the decision's retroactivity, *Jones v. Watson*, 98 Idaho 606, 570 P.2d 284 (1977). There is no indication that cases would be re-opened if our decision in *BHA I* were applied retroactively. Even a decision overruling a prior opinion of this Court does not authorize trial courts to re-open civil cases that have become final in order to apply the new rule of law announced in that decision. *Scaggs v. Mutual of Enumclaw Ins. Co.*, No. 29724, 2005 WL 182841 (Idaho January 28, 2005). Applying our decision in *BHA I* retroactively would result in a minimal number of cases being filed. At most, there would be twenty-three cases, including Bravo and Splitting Kings's, that could be brought. It appears that most of them would be barred by the applicable statute of limitations.[1] The effect upon the administration of justice would be slight.

After weighing the three factors, we conclude that the retroactive application of our decision in *BHA I* should not be limited. It applies to Bravo and Splitting Kings's case.

---

1. The City collected liquor license transfer fees from one entity in 1993, from three entities in 1995, from three entities in 1996, from two entities in 1998, from two entities in 1999, from four entities in 2000, from six entities in 2001, and from three entities in 2002.

**3. Were Bravo and Splitting Kings required to file notice of claim as required by Idaho Code § 50–219?** Idaho Code § 50–219 states, "All claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code." Idaho Code § 6–906 requires that a notice of claim against a city be filed with the city clerk or secretary within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later.

On April 22, 2003, Bravo properly filed a notice of claim with the City. The notice stated that Bravo had paid the assessed liquor license transfer fee of $9,000 to the City. It included the statement, "Bravo Entertainment, LLP, demands that it be reimbursed $9,000.00, plus interest from the date the illegal tax was paid." Splitting Kings was not mentioned in Bravo's notice of claim.

The district court held that even if the notice of claim filed by Bravo was timely, it was insufficient because it did not notify the City that Splitting Kings, who had paid the transfer fee, was asserting a claim for the return of such fee. There was nothing in the notice of claim indicating that Bravo was filing the claim on behalf of Splitting Kings.

■ Bravo and Splitting Kings argue that they timely filed their notice of claim because they could not reasonably have known they had a claim until January 30, 2003, when we issued our opinion in *BHA I.* That opinion did not create a cause of action where none previously existed. The phrase "reasonably should have been discovered" refers to knowledge of the facts upon which the claim is based, not knowledge of the applicable legal theory upon which a claim could be based. As we stated in *Mitchell v. Bingham Memorial Hospital,* 130 Idaho 420, 423, 942 P.2d 544, 547 (1997) (citations omitted):

This Court has held that "[k]nowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the [180 days]." The Court has further held that the statutory period begins to run from the occurrence of the wrongful act even if the full extent of damages is not known at that time. In a recent case, the Court of Appeals clari-

fied the amount of knowledge required to begin the notice period: "The statute does not begin running when a person fully understands the mechanism of the injury and the government's role, but rather when he or she is aware of such facts that would cause a reasonably prudent person to inquire further into the circumstances surrounding the incident." The claimant in *Mallory* [the Court of Appeals case] had argued that the notice period should not start running until she knew the exact cause of her injury. The Court of Appeals held that "such an interpretation would allow a party to delay completion of an investigation for months or even years before submitting a notice under the [ITCA]."

Splitting Kings paid the transfer fee to the City on December 14, 2000. The notice of claim filed by Bravo on April 22, 2003, was untimely.

■ Bravo and Splitting Kings next argue that they should be entitled to the benefit of the notice of claim filed by BHA on January 2, 2001. That notice of claim did not mention either Bravo or Splitting Kings, but it included a statement, "BHA Investment demands that it be reimbursed $8,625.00, plus interest from the date the illegal tax was paid, and that the City should reimburse all transfer fees charged for liquor license transfers for the past four (4) years."

Idaho Code § 6–907 specifies the information that must be included in the notice of claim. It states:

All claims presented to and filed with a governmental entity shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six (6) months immediately prior to the time the claim arose. .... A claim filed under the provisions of this section shall not be held

invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby.

In *Wickstrom v. North Idaho College,* 111 Idaho 450, 725 P.2d 155 (1986), we held that a demand letter sent by plaintiffs' counsel was insufficient to serve as a notice of claim under the statute because it did not include the plaintiffs' names and addresses. We stated, "The demand letter of August 21, 1984 failed to serve as notice of a claim pursuant to the I.T.C.A., since it failed to state the names and addresses of the claimants, the amounts of claimed damages and the nature of the injury claimed. The claim is, therefore, barred." 111 Idaho at 452, 725 P.2d at 157. Because the notice of claim filed by BHA did not include the name and address of either Bravo or Splitting Kings, it was not sufficient. Their claims under state law are therefore barred.

■■■ Bravo and Splitting Kings's complaint also included, however, a claim that the City had taken their property for public use without the payment of just compensation in violation of the Constitution of the United States. The notice of claim requirement set forth in Idaho Code § 50–219 does not apply to a claim based upon federal law.

In *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), the United States Supreme Court held that notice-of-claim requirements imposed by state law do not apply to federal claims, even if they are brought in state court. The statute at issue barred any action by a claimant unless the claimant either provided written notice of claim to the governmental entity within 120 days of the alleged injury or demonstrated that the governmental entity had actual no-

tice of the claim and was not prejudiced by the lack of written notice.

In *Felder* the plaintiff filed an action in a Wisconsin state court under 42 U.S.C. § 1983 seeking to recover damages for police conduct that allegedly violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The officers moved to dismiss for failure to comply with Wisconsin's notice-of-claim statute. The trial court dismissed the state law claims, but did not dismiss the federal claims. On appeal, the Wisconsin Supreme Court reversed, holding that States retain the authority to prescribe rules and procedures to govern actions in their own tribunals. The United States Supreme Court granted certiorari, and reversed the Wisconsin court.

■■■ The Supreme Court stated that a State's authority to prescribe the rules and procedures governing suits in its own courts "does not extend so far as to permit States to place conditions on the vindication of a federal right." 487 U.S. at 147, 108 S.Ct. at 2311, 101 L.Ed.2d at 143. It later added, "[A] state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state law requiring timely filing of notice. State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right." 487 U.S. at 152, 108 S.Ct. at 2313, 101 L.Ed.2d at 146. As we acknowledged in *Sweitzer v. Dean,* 118 Idaho 568, 572, 798 P.2d 27, 31 (1990), "A state's notice-of-claim statute which provides that no action may be brought or maintained against a state government subdivision unless claimant provides written notice within a certain period of time is preempted when a federal civil rights action is brought in state court."[2] Therefore,

---

2. In *Felder,* the plaintiff brought his action pursuant to 42 U.S.C. § 1983, while in this case Bravo and Splitting Kings have asserted their federal claim directly under the Takings Clause in the United States Constitution. That difference has no bearing on the application of *Felder*. Section 1983 "does not confer any substantive rights. It is a vehicle for vindicating rights secured by the United States Constitution or federal law." *Bryant v. City of Blackfoot,* 137 Idaho 307, 314, 48 P.3d 636, 643 (2002). The Takings Clause is self-executing, and a takings claim may be based

solely upon it, *First Lutheran Church v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), or it may be brought as an action under 42 U.S.C. § 1983, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). The *Felder* case was based upon a state notice-of-claim law that "place[d] conditions on the vindication of a federal right," 487 U.S. at 147, 108 S.Ct. at 2311, 101 L.Ed.2d at 143 not upon a state law that conflicted with the procedure provided by § 1983. One advantage to bringing a

the failure to comply with the notice requirements of the Idaho Tort Claim Act does not bar their claim based upon the Takings Clause in the Constitution of the United States.

■ **4. Were Bravo and Splitting Kings required to pay the fee "under protest" in order to recover it?** The district court ruled that because the liquor license transfer fee charged by the City constituted a disguised tax and a party must pay a tax under protest in order to obtain a refund, Bravo and Splitting Kings could not recover the unlawfully exacted fee because they did not pay it under protest. We have held that when a governmental entity imposes what is on its face a tax, the taxpayer must pay it under protest in order to preserve the right to claim a refund. *Walker v. Wedgwood,* 64 Idaho 285, 130 P.2d 856 (1942) (income tax); *Shoup v. Willis,* 2 Idaho 108, 6 P. 124 (1885) (property tax). We have also held that a city's imposition of a purported fee that does not bear a reasonable relationship to services to be provided by the city is in reality the imposition of a tax. *Brewster v. City of Pocatello,* 115 Idaho 502, 768 P.2d 765 (1988). We have not held, however, that when a city imposes a fee that it has no authority to impose at all, such fee must be paid under protest before it can be recovered.

The purpose of the analysis regarding excessive fees is to prevent a city from imposing an illegal tax by masquerading it as a fee. That analysis does not apply, however, where the city does not have the authority to impose either the tax or the fee. If it has no authority to impose any fee at all, it does not matter whether the fee imposed bears a reasonable relationship to the services provided. It is illegal regardless of the amount of the fee. In this case, the City did not have the authority to impose either a fee for the transfer of a liquor license or a tax on the transfer of a liquor license. Therefore, the analysis of whether liquor license transfer fee was in reality a disguised tax does not apply.

We have declined to apply the payment-under-protest requirement to an action seeking recovery of unlawful fees. In *Owner-Operator Independent Drivers Ass'n, Inc. v. Idaho Public Utilities Commission,* 125 Idaho 401, 871 P.2d 818 (1994), we held that interstate motor carriers were entitled to recover the portion of their state registration fees that exceeded the amount authorized by federal law even though they had not paid those fees under protest. There was no statute requiring that the fees be paid under protest in order to challenge them, and we refused to apply the payment-of-tax-under-protest requirement to the motor carriers in that case.

The City ordinance denominated the sum owing as a "transfer fee," not a tax. In *BHA I,* the City argued that it was a properly imposed fee and not a tax. Now, the City contends it was a tax all along and that Bravo and Splitting Kings should be denied recovery because they did not pay that "tax" under protest. Where the City denominated the sum owing as a "fee," the payment-of-tax-under-protest requirement does not apply. The district court erred in holding that Bravo and Splitting Kings were required to have paid the liquor license transfer fee under protest in order to bring this action.

■ **5. Did Bravo and Splitting Kings fail to exhaust their administrative remedies?** Citing *KMST, LLC v. County of Ada,* 138 Idaho 577, 67 P.3d 56 (2003), the City argues that Bravo and Splitting Kings cannot recover the transfer fee because they failed to exhaust their administrative remedies by appealing the fee to the city council. In that case, KMST, LLC, challenged the amount it was assessed for impact fees. It was undisputed that had KMST pursued available administrative remedies, its fee would have been reduced. We held that its failure to pursue those remedies barred its claim that the amount of the fees constituted an unconstitutional taking of its property. That case has no application to this one. The City has not cited any ordinance granting the city council the authority to waive the liquor li-

federal takings claim under § 1983 is the availability of an award of attorney fees under 42 U.S.C. § 1988.

cense transfer fee unlawfully charged by the City.

## C. Is any Party Entitled to an Award of Attorney Fees on Appeal?

 The City requests an award of attorney fees under Idaho Code § 12–121. For it to be awarded fees, we must find that BHA brought or pursued this appeal frivolously, unreasonably, or without foundation. We so find. The requested class certification was a matter within the discretion of the district court. The district court determined that a class of seventeen entities located within the City of Boise was not so numerous that joinder of all members is impracticable. BHA did not present any reasoned argument as to why such determination would constitute an abuse of discretion. We therefore award the City attorney fees on BHA's appeal.

The City also requests an award of attorney fees against Bravo and Splitting Kings under Idaho Code § 12–121. Since they have prevailed in part on their appeal, their appeal was clearly not brought frivolously, unreasonably, or without foundation. We therefore do not award the City attorney fees against Bravo and Splitting Kings.

Bravo and Splitting Kings request an award of attorney fees under Idaho Code § 12–117. For attorney fees to be awardable under that statute, we must find that the City acted "without a reasonable basis in law or fact." Although we had previously declined to apply the payment-under-protest requirement to a claim for a refund of fees, *Owner–Operator Independent Drivers Ass'n, Inc. v. Idaho Public Utilities Commission*, 125 Idaho 401, 871 P.2d 818 (1994), we had not ruled that such requirement has no application to the payment of fees. Therefore, we decline to award attorney fees on appeal because the law on that issue was not so clear that the City acted without a reasonable basis in law or fact in asserting that defense to the refund of the transfer fee.

## IV. CONCLUSION

We affirm the judgment in *BHA Investments, Inc. v. City of Boise*. We award the City costs and reasonable attorney fees on appeal. In *Bravo Entertainment, L.L.C. v. City of Boise*, we affirm that portion of the judgment dismissing the claims based upon state law, and we vacate that portion of the judgment dismissing the claim based upon federal law. We award Bravo and Splitting Kings costs on appeal, but not attorney fees.

Chief Justice SCHROEDER and Justices BURDICK and JONES concur. Justice Pro Tem CAREY concurs except as to attorney fees.

