IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 40013

TERRI M. SANDERS,                                )
                                                 )
   Plaintiff-Respondent-Cross Appellant,    )
                                                 )     Boise, February 2014 Term
v.                                               )
                                                 )     2014 Opinion No. 43
BOARD OF TRUSTEES OF THE                         )
MOUNTAIN HOME SCHOOL DISTRICT                    )     Filed: April 7, 2014
NO. 193,                                         )
                                                 )     Stephen W. Kenyon, Clerk
   Defendant-Appellant-Cross                 )
   Respondent.                               )
                                                 )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge

District court order denying attorney fees, <u>reversed and remanded.</u> District court order granting arbitration costs, <u>vacated.</u>

Anderson, Julian & Hull, LLP, Boise, for appellant. Brian K. Julian argued.

Herzfeld & Piotrowski, Boise, & Paul J. Stark, Idaho Education Association, Boise, for respondent. James Piotrowski argued.

_____

BURDICK, Chief Justice

The Board of Trustees of the Mountain Home School District No. 193 ("Board") appeals the district court's denial of the Board's request for attorney fees. This case arose when School District employee Terri Sanders claimed that the Board breached its contract with her by hiring a candidate less qualified than her for a teaching position that Sanders had also applied for. After a jury found the Board did not breach its contract, the district court held the Board was not entitled to attorney fees under I.C. § 12-117 because Sanders presented a legitimate issue for trial. The court also held that because I.C. § 12-117 was the exclusive source of attorney fees for a school district, I.C. § 12-120(3) could not apply. The court awarded the Board arbitration costs as discretionary costs.

1

The Board argues that I.C. § 12-117 is not the exclusive source of attorney fees to a school district and the Board can recover attorney fees under I.C. § 12-120(3), as the suit was based on a commercial transaction. Sanders cross-appeals, arguing that the district court should not have awarded arbitration costs incurred in a non-binding proceeding that was required by a contract between the parties. We reverse the district court's denial of attorney fees and remand with instructions for the district court to award fees to the Board and calculate reasonable attorney fees under I.C. § 12-120(3). On the cross-appeal we vacate the district court's award of arbitration costs as discretionary costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Terri Sanders taught in the Mountain Home School District ("District") for about twenty-three years when, in May 2008, a consulting teacher position opened in the District. Sanders applied. The District interviewed four candidates, scoring them based on seniority and the results of a panel interview. The District awarded the position to another candidate.

Sanders filed multiple grievances over the District's failure to award her the position. Sanders had an individual teaching contract with the District, which incorporated all relevant terms from a Master Contract between the Mountain Home Education Association and the District. The Master Contract provided a grievance procedure to resolve disputes between teachers and the District. Each grievance that Sanders filed was denied. The final level of grievance under the Master Contract was non-binding arbitration. The arbitrator ruled for Sanders, holding a contractual breach occurred when the person appointed as consulting teacher did not have the minimum qualifications stated in the job announcement. The Board rejected the arbitrator's report and sent Sanders a letter explaining that it would not follow that report.

Sanders then sued the Board for breach of contract. She claimed that the breach occurred when the District hired a less qualified candidate for the consulting teacher position. After trial, a jury concluded that the Board did not breach Sanders's contract. The Board then petitioned for attorney fees and costs under I.C. §§ 12-117, 12-121, and 12-120(3).

The district court granted partial costs, but did not award attorney fees. The court determined that fees were only available to the Board under I.C. § 12-117 because recent precedent held that I.C. § 12-117 was the exclusive source of attorney fees for the entities to which it applies. The district court then concluded that the Board was not entitled to fees under I.C. § 12-117 because Sanders argued a legitimate issue for trial.

2

The Board additionally requested $2,304.50 in costs from the non-binding arbitration that took place during the grievance process. The Master Contract provided: "Each party shall bear the full costs for its representation in the arbitration. The cost of the arbitrator shall be divided between the Board and the grievant(s)." The Board noted that it was only seeking half of the costs paid by the District for the arbitrator and not the attorney fees related to the arbitration. The district court stated that the Board's affidavit of costs showed the District paid $4,609 in total arbitration costs, so it awarded the Board half of that amount, or $2,304.50, as discretionary costs. The court entered its final judgment on March 27, 2012. The Board timely appealed. Sanders timely filed a cross-appeal, contesting the arbitration cost award.

## II. ISSUES ON APPEAL

1. Whether I.C. § 12-117 is the exclusive means for awarding attorney fees when the prevailing party also requests fees under I.C. § 12-120(3).

2. Whether the district court properly awarded arbitration costs.

3. Whether either party is entitled to attorney fees on appeal.

## III. ANALYSIS

### A. Idaho Code section 12-117 is not the exclusive source of attorney fees when a prevailing party also requests fees under I.C. § 12-120(3).

The Board requested attorney fees in the district court under I.C. § 12-117 and I.C. § 12-120(3), and the court held that fees were only available under I.C. § 12-117. The court stated that "where sections 12-120(3) and 12-117 overlap, 12-117 is exclusive and preclusive." The court reasoned that this was because we stated that I.C. § 12-117 was the exclusive source of attorney fees to applicable entities in *Potlatch Education Ass'n v. Potlatch School District No. 285*, 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010). The district court then concluded that the Board was not entitled to fees under I.C. § 12-117 because the plaintiff argued a legitimate issue for trial.

Both parties' arguments focus on whether I.C. § 12-117 is the exclusive means for awarding attorney fees when the prevailing party also requested attorney fees under I.C. § 12-120(3). Idaho Code section 12-117 awards attorney fees to the prevailing party "in any proceeding involving as adverse parties a state agency or a political subdivision and a person…."[1] Accordingly, I.C. § 12-117 has no requirement as to the subject matter in the

---

[1] The full text of I.C. § 12-117's relevant sections:

lawsuit. Idaho Code section 12-120(3) allows a prevailing party attorney fees in civil actions with a limited subject matter: "action[s] to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law."[2] Actions for breach of an employment contract are commercial transactions and allow I.C. § 12-120(3) attorney fees to the prevailing party. *Willie v. Bd. of Trs.*, 138 Idaho 131, 136, 59 P.3d 302, 307 (2002).

Whether a party can recover fees under I.C. § 12-117 or I.C. § 12-120(3) is significant because these statutes use different standards for recovering attorney fees. First, I.C. § 12-117 grants attorney fees when the "nonprevailing party acted without a reasonable basis in fact or law." In contrast, I.C. § 12-120(3) allows the prevailing party reasonable attorney fees in any civil action to recover on a commercial transaction, without any reasonableness requirement. Therefore, when I.C. § 12-120(3) applies, it allows attorney fees to the prevailing party solely because that party prevailed and even when the other party acted with a reasonable basis in law or fact. Because the district court found Sanders acted with a reasonable basis in law or fact and the Board does not appeal that finding, if this Court holds I.C. § 12-117 is exclusive, the Board cannot recover fees. If I.C. § 12-120(3) also applies, then the Board can recover its attorney fees.

The Board argues that I.C. § 12-117 does not prohibit an award under I.C. § 12-120(3). Sanders counters that this Court has expressly held that when I.C. § 12-117 applies, it is exclusive: "I.C. § 12–117 is the exclusive means for awarding attorney fees for the entities to which it applies." *Potlatch Educ. Ass'n*, 148 Idaho at 635, 226 P.3d at 1282; *See also State v.*

---

(1) Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law….

(5) For purposes of this section:

…(b) "Political subdivision" means a city, a county, any taxing district or a health district;

[2] The full text of I.C. § 12-120(3):

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

4

*Hagerman Water Right Owners, Inc. (HWRO)*, 130 Idaho 718, 723, 947 P.2d 391, 396 (1997) ("I.C. § 12-117 provides the exclusive basis upon which to seek an award of attorney fees against a state agency."), *overruled by Syringa Networks, LLC v. Idaho Dep't of Admin.*, 155 Idaho 55, 305 P.3d 499 (2013). This Court exercises free review when it interprets a statute because statutory interpretation is a question of law. *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312, 109 P.3d 161, 166 (2005). Therefore, we exercise free review to determine whether applicable statutes allow attorney fee awards. *Shay v. Cesler*, 132 Idaho 585, 587, 977 P.2d 199, 201 (1999).

After the district court made its decision in this case and the parties submitted their briefing on appeal, we decided in *Syringa* that I.C. § 12-117 is not exclusive. 155 Idaho at ___, 305 P.3d at 510–11. In *Syringa*, the State sought attorney fees under I.C. §§ 12-117, 12-120(3), 12-121, and 6-918A. *Id.* The district court in that case denied attorney fees under I.C. § 12-120(3) based upon our previous holding in *HWRO*, which stated that I.C. § 12-117 was exclusive when it applied. *Syringa*, 155 Idaho at ___, 305 P.3d at 511. We explained: "That holding has been followed in subsequent cases, but it is incorrect." *Id.*

This Court then described how we interpreted I.C. § 12-117's phrase "unless otherwise provided by statute." *Id.* We stated these words meant that "if another statute expressly provides for the awarding of attorney fees against a state agency or a political subdivision, attorney fees can be awarded under that statute also." *Id.* We then specifically clarified that "section 12-117(1) is not the exclusive basis upon which to seek an award of attorney fees against a state agency or political subdivision, but attorney fees may be awarded under any other statute that expressly applies to a state agency or political subdivision, such as sections 12-120(3) and 12-121." *Id.*

Idaho Code section 12-120(3) expressly applies to a state agency or political subdivision because it awards fees to the "prevailing party" and party is defined as "any person, partnership, corporation, association, private organization, the *state of Idaho or political subdivision* thereof." (emphasis added). Hence, as we stated in *Syringa*, I.C. § 12-117 is not exclusive and a party can be awarded attorney fees under I.C. § 12-120(3). Therefore, we hold attorney fees should be awarded to the Board under I.C. § 12-120(3).

Sanders argues that we should apply *Syringa*'s holding prospectively, and not to cases filed and fees accrued before *Syringa* was issued. She argues that *Syringa* should not apply to the parties in this action because during her litigation she relied on the most recent precedent at the

5

time, which held that I.C. § 12-117 was exclusive. Sanders contends that this reliance drove many of her litigation decisions. This Court's decisions apply prospectively to all future cases. *BHA Invs., Inc. v. City of Boise*, 141 Idaho 168, 173, 108 P.3d 315, 320 (2004). However, "[t]he issue is whether and to what extent they apply retroactively to past or pending cases." *Id.* This Court's usual rule is that our decisions apply retroactively to all past and pending cases. *Id.* We have discretion to limit the retroactive application of a particular decision for policy reasons. *Id.* However, we did not depart from the general rule in *Syringa*, so we did not limit *Syringa* to apply only prospectively. Accordingly, *Syringa* applied to Sanders, and Sanders is governed by the rule that I.C. § 12-117 is not exclusive when fees are "otherwise provided by statute."

Here, Sanders alleged a breach of her employment contract, so there was a commercial transaction and I.C. § 12-120(3) applies. The Board was the prevailing party at trial and requested fees under I.C. § 12-120(3), so the Board is entitled to its reasonable attorney fees under I.C. § 12-120(3). Thus, we reverse the district court's denial of attorney fees and remand the case for the district court to enter the appropriate award of attorney fees under I.C. § 12-120(3).

## B. The district court erred when it awarded the Board arbitration costs as a discretionary cost because the arbitration costs were specifically provided for under a contract.

The district court awarded $2,304.50 in arbitration costs to the Board as a discretionary cost under I.R.C.P. 54(d)(1)(D). The District's Master Contract with the Mountain Home Education Association provided that "[t]he cost of the arbitrator shall be divided between the Board and the grievant(s)." Sanders cross appeals the district court's award of these arbitration costs and argues this award should be reversed.

A trial court has discretion to "award a prevailing party certain costs where there has been 'a showing that the costs are necessary and exceptional, reasonably incurred, and should in the interests of justice be assessed against the adverse party.'" *Hayden Lake Fire Prot. Dist.*, 141 Idaho at 314, 109 P.3d at 168 (quoting I.R.C.P. 54(d)(1)(D)). A party that opposes a district court's award of discretionary costs has the burden to demonstrate the district court's abuse of this discretion. *Id.*

Both parties stipulated at oral argument that the district court made a factual error when it concluded the Board paid for the entire arbitration and sought to recover one-half of its costs. The Board explained that this error was due to a "misplaced modifier" in its trial briefing. The record shows the Board paid half of the arbitrator's bill, which totaled $2,304.50, while Sanders

was billed for the other half, which also totaled $2,304.50. Thus, the Board sought reimbursement for only the Board's half of the total bill. However, the district court stated that "[t]he affidavit of costs reveals that the School District paid total arbitration costs of $4,609 so the court will award half of that amount, or $2,304.50 as discretionary costs."

The Board argues that its share of the arbitration fees are recoverable because the arbitration and grievance process led to a lawsuit, which means the arbitration costs are connected to a civil trial. Idaho Code section 12-101 gives courts authority to award costs "in a civil trial or proceeding . . . in the manner and in the amount provided for by the Idaho Rules of Civil Procedure." This Court exercises free review over statutory interpretation. *Sopatyk v. Lemhi Cnty.*, 151 Idaho 809, 819, 264 P.3d 916, 926 (2011). We have not interpreted what "in a civil trial or proceeding" means in I.C. § 12-101. The Board contends that the term can easily be construed to include precursor steps to a lawsuit, including mandatory non-binding arbitration. However, I.R.C.P. 3(a)(1) states: "A civil action is commenced by the filing of a complaint, petition or application, and any party filing with the court." Thus, a civil trial or proceeding under I.C. § 12-101 only occurs after a party files a complaint, petition, or application with the court. This definition leaves no room for arbitration proceedings prior to a lawsuit, as long as they occur before a complaint, petition, or application is filed.

Courts award discretionary costs to a prevailing party under I.R.C.P. 54(d)(1)(D). Whether a procedural rule applies is a question of law subject to free review. *Zenner v. Holcomb*, 147 Idaho 444, 450, 210 P.3d 552, 558 (2009). The district court noted that when the parties contract about how fees and costs are awarded if litigation arises, courts follow the contract. This Court has held "that the general entitlement to costs under I.R.C.P. 54(d)(1) does not override a valid agreement." *Id.* at 452, 210 P.3d at 560. In *Zenner*, a contract expressly allocated costs if litigation occurred. *Id*. That contract stated: "Should any kind of proceeding including litigation or arbitration be necessary to enforce the provisions of this agreement the prevailing party shall be entitled to have it's [sic] attorney's fees and costs paid by the other party." *Id.* at 446, 210 P.3d at 554. We reasoned that given the fact the contract contemplated litigation occurring, the contract trumped the analysis pursuant to I.R.C.P. 54(d) and (e). *Id.* at 450–52, 210 P.3d at 558–60. Because the contract already provided for the amount of fees and costs to award the prevailing party, we explained that the district court could not use I.R.C.P. 54(d)(1) to determine

7

the amount of costs. *Id.* at 452, 210 P.3d at 560. Instead, the district court was to follow the contract and award the costs and fees the way the contract provided. *Id.*

Here, the Board cannot recover arbitration costs for two reasons. First, the arbitration costs were allocated by the Master Contract. While the contract provided that the arbitrator's decision was advisory, it also provides that "[t]he cost of the arbitrator shall be divided between the Board and the grievant(s)." Thus, in this contract the language in question refers only to arbitration and "costs," which applies to the pre-litigation costs. These are distinct from the contractual costs in *Zenner*, which provided for costs during litigation. Therefore, the contract allocating costs precludes the district court from re-allocating those costs. To recover arbitration costs prior to litigation, contracts should address the allocation of any arbitration costs that occur prior to litigation in event of litigation.

Second, in this case the arbitration was not part of a civil trial or proceeding because it occurred before Sanders filed her complaint. Arbitration occurred in 2008. Sanders filed her complaint in March 2009. The Board argues that despite this timeline, arbitration was a precursor to the suit because Sanders attempted to inject deficiencies of the grievance procedure into the lawsuit. Sanders did argue on summary judgment that the Board failed to follow the grievance process. However, the arbitration was non-binding and thus could not have any effect on the case itself, despite Sanders's arguments. Because arbitration was non-binding, prior to the civil suit, and costs of arbitration were limited to pre-litigation under the contract, the district court improperly granted arbitration costs under I.R.C.P. 54(d)(1)(D). Therefore, we vacate the district court's award of arbitration costs as discretionary costs pursuant to I.R.C.P. 54(d)(1)(D).

**C. Neither party is entitled to attorney fees on appeal.**

The Board requests attorney fees on appeal under I.C. § 12-120(3) and § 12-117. Under I.C. § 12-120(3), the prevailing party is entitled to attorney fees on appeal when the underlying claim is a commercial transaction. *Printcraft Press, Inc. v. Sunnyside Park Utils., Inc.*, 153 Idaho 440, 461, 283 P.3d 757, 778 (2012). Here, Sanders alleged a breach of her employment contract, so I.C. § 12-120(3) applies. However, we do not award fees when both parties prevail in part on appeal. *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 23, 278 P.3d 415, 425 (2012). The Board is the prevailing party on appeal as to the issue of the district court's award of attorney fees. However, Sanders is the prevailing party on her cross-appeal. Thus, both parties have prevailed in part and we award neither party attorney fees.

8

**IV. CONCLUSION**

This Court has already held that attorney fees under I.C. § 12-117 are not exclusive. Because fees are available under I.C. § 12-120(3), we remand the case for the district court to enter the appropriate award of attorney fees under that statute. We also vacate the district court's award of arbitration costs to the Board. We award neither party attorney fees on appeal.

Justices EISMANN, J. JONES, W. JONES and HORTON **CONCUR.**