# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44160

| | | |
|---|---|---|
| ENRIQUE LOPEZ, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, February 2017 Term |
| | ) | |
| v. | ) | 2017 Opinion No. 32 |
| | ) | |
| VANBEEK HERD PARTNERSHIP, | ) | Filed: April 12, 2017 |
| Employer, and STATE INSURANCE FUND, | ) | |
| Surety, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |
| _____ | ) | |

Appeal from the Idaho Industrial Commission.

The order of the Industrial Commission is affirmed.

Goicoechea Law Offices, Chtd., Boise, for appellant. Justin P. Aylsworth argued.

Eberle Berlin Kading Turnbow & McKlveen, Chtd., Boise, for respondent. Neil D. McFeeley argued.

_____

BRODY, Justice

Enrique Lopez appeals an order of the Idaho Industrial Commission ("Industrial Commission") declining to award him additional workman's compensation income benefits for binaural hearing loss he sustained as a result of a workplace accident. We affirm the order of the Industrial Commission.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2011, Enrique Lopez was injured by a bull while working on a dairy. His injuries included a closed head injury, mild left ear hearing loss, and profound right ear hearing loss. Lopez was treated at St. Benedict's Hospital Emergency Room and received follow-up care at Jerome Family Clinic. He was tested and treated for his work-related hearing loss by Peter Doble, M.D., an ear, nose, and throat specialist, and A. Joseph Seitz, Au.D., an audiologist.

In February 2012, Dr. Seitz concluded that Lopez had "mild high frequency hearing loss in his left ear and profound hearing loss in his right ear" as a result of the workplace incident. He

1

noted that there was "no speech reception threshold available for the right ear," which essentially meant total hearing loss on that side. Dr. Seitz prescribed a power behind-the-ear hearing aid for the right ear to reduce the tinnitus Lopez was experiencing and to allow some hearing on that side. However, Lopez reported that the aid did not improve his right ear hearing and caused him headaches.

In June 2013, Greg Schroeder, a hearing instrument specialist, and Christine W. Pickup, an audiologist, recommended that Lopez try the Phonak BiCROS hearing system to treat his hearing loss. The BiCROS system uses a microphone on the lesser-hearing or deaf ear to wirelessly relay a message to a device on the other ear, enabling the wearer to feel as if they are hearing from both sides. The BiCROS system also assists with low-grade hearing loss in the hearing ear. In her recommendation, Dr. Pickup opined that Lopez had 100% impairment in the right ear.

In November 2013, Delray Maughan, M.D., reviewed Lopez's records at the request of the State Insurance Fund ("SIF") and agreed that Lopez would benefit from the BiCROS system. He rated Lopez's hearing loss as a "100% monaural impairment of his right ear and a 7.5% monaural impairment of his left ear." Using the combined values chart in the AMA Guides for Evaluation of Permanent Impairment (6th ed. 2008), Dr. Maughan concluded that Lopez sustained a 22.9% binaural impairment. The SIF used Dr. Maughan's rating to pay income benefits for disability based on Dr. Maughan's opinion.

Lopez complained to the Industrial Commission that he was entitled to additional income benefits based on his interpretation of the statutory schedule for permanent impairments in Idaho Code section 72-428. The Industrial Commission disagreed, holding that Lopez was only entitled to the 8% impairment benefits previously paid. Lopez timely appealed.

## II.    ISSUE PRESENTED ON APPEAL

1. Whether the Industrial Commission properly calculated Lopez's income benefits for partial binaural hearing loss sustained in a workplace accident.

## III.    STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court freely reviews legal questions. *Corgatelli v. Steel West, Inc.*, 157 Idaho 287, 290, 335 P.3d 1150, 1154 (2014). Factual questions are reviewed only to determine whether substantial, competent evidence supports the Commission's findings. *Id.* "Substantial and competent evidence is relevant

2

evidence which a reasonable mind might accept to support a conclusion. The Commission's conclusions on the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous." *Vawter v. United Parcel Serv., Inc.*, 155 Idaho 903, 907, 318 P.3d 893, 897 (2014) (internal citations and quotation omitted).

This Court freely reviews issues of statutory interpretation. *Corgatelli*, 157 Idaho at 290, 335 P.3d at 1153; *Sanders v. Bd. of Trs. of Mountain Home Sch. Dist. No. 193*, 156 Idaho 269, 272, 322 P.3d 1002, 1005 (2014).

## IV.     ANALYSIS

### A. The Commission properly calculated Lopez' income benefits for his partial binaural hearing loss.

Dr. Maughan opined that Lopez sustained a 100% hearing impairment in his right ear and a 7.5% hearing impairment in his left ear as a result of the accident, for a 22.9% overall binaural hearing loss. Based on this assessment, the Industrial Commission determined that Lopez's 22.9% overall binaural hearing loss translated to an 8% permanent impairment of the whole person [22.9 % overall binaural hearing loss x 175 weeks (the scheduled benefit for total binaural hearing loss set forth in I.C. § 72-428) = 40.075 weeks; 40.075 weeks ÷ 500 weeks (I.C. § 72-426 benefit for whole person permanent disability) = 8% impairment of the whole person]. Accordingly, the SIF paid Lopez $14,212.00, which was 55% of the average weekly wage for 40.075 weeks.

Lopez seeks additional income benefits based on a different methodology. He argues that because the schedule in Idaho Code section 72-428 provides 175 weeks of compensation for total binaural hearing loss, which is a 35% whole person impairment for both ears (175 hearing loss weeks ÷ 500 whole person weeks), he is entitled to receive 17.5% for his right ear loss (half of 35%), and 1.3% whole person impairment for his 7.5% left ear loss for a total of 18.8% whole person impairment, instead of the 8% he was paid. An 18.8% whole person impairment translates to 94 weeks and an overall income benefits award of $33,398.20. Lopez already received $14,212.00. Thus, Lopez seeks an additional $19,186.20.

Idaho Code section 72-428 provides disability income benefits for the loss of, or loss of use of, certain body parts in workplace accidents. Income benefits are determined by reference to the statutory schedule in Section 72-428 that designates the number of compensable weeks for specific injuries. I.C.§ 72-428. However, not every injury is listed in the statutory schedule. This Court has declared that, for unscheduled injuries, disability income benefits are "to be

3

determined by analogy to the statutory schedule" and that "[t]his analogizing process is . . . flexible." *Urry v. Walker and Fox Masonry Contractors*, 115 Idaho 750, 756, 769 P.2d 1122, 1128 (1989).

Here, the schedule in Section 72-428(3) provides 175 weeks for "*total* loss of binaural hearing," but there is no benefit provided for *partial* loss of binaural hearing, which is what Lopez suffered. (emphasis added). Idaho Code section 72-430 grants the Industrial Commission the authority to adopt an internal schedule for "determination of the percentages of unscheduled permanent injuries less than total, including . . . a schedule for partial loss of binaural hearing," but no such schedule has been developed by the Industrial Commission. Thus, the income benefits owed to Lopez are properly determined by analogy to the Section 72-428 schedule. The Industrial Commission determined Lopez' benefits by multiplying the percentage of his binaural hearing loss, as assessed by Dr. Maughan, by the schedule designation for total binaural hearing loss in Section 72-428. This conclusion is the proper application of the directive in *Urry* and was based on a medical appraisal, as in *Burke v. EG & G/Morrison-Knudsen Const. Co.*, 126 Idaho 413, 415, 885 P.2d 372, 374 (1994).

In *Burke*, the claimant injured his left eye in a workplace accident, which required surgical removal of the natural lens of that eye. *Id.* at 414, 885 P.2d at 373. After implantation of an artificial lens, Burke's ophthalmologist and the ophthalmologist who reviewed his records for the surety concluded that the loss of Burke's natural lens represented a 50% loss in central vision efficiency, which corresponded to a loss of 50% visual efficiency in the left eye. *Id.* at 415, 885 P.2d at 374. Based on these assessments, the Industrial Commission declined to award more in disability benefits than the 50% overall loss attributed by the ophthalmologists. *Id.* at 416, 885 P.2d at 375. This Court affirmed the Industrial Commission's decision in *Burke* because it was based on the "evaluation of the two ophthalmologists." *Id.* at 415, 885 P.2d at 374.

Similarly, in this case, the Industrial Commission accepted Dr. Maughan's assessment that Lopez suffered 22.9% total binaural hearing loss and based its benefit determination on his evaluation and conclusion. Dr. Maughan's assessment was a credible medical appraisal and there was no challenge to the Industrial Commission's use of that evidence. Accordingly, we find that the Industrial Commission's order was supported by substantial and competent evidence. We also conclude that the Industrial Commission's determination that Lopez was entitled to an

award of 22.9% of the 175 weeks provided in the Idaho Code section 72-428 statutory schedule for total binaural hearing loss, which equated to 8% of the whole man, was not reached in error.

## V.    CONCLUSION

For the foregoing reasons, we affirm the Order of the Industrial Commission declining to award Lopez additional permanent disability income benefits. Costs to Respondents.


Chief Justice BURDICK and Justices EISMANN and HORTON and Justice Pro Tem KIDWELL CONCUR.