300 P.2d 818

Claude HICKMAN, Palmer W. Otterson, Charles A. Thompson, Ewell J. Waller, Lee S. Robison, Reuben Preuninger, Iven Rickel and Herbert B. Stevens, Plaintiffs-Applicants,

v.

A. E. LUNDEN, Adolph Molstead and C. T. Larson, constituting the Board of County Commissioners of Kootenai County, Idaho; James D. Riggs, County Auditor of Kootenai County, Idaho; and Kootenai Hospital District, purporting to be and acting as a public or quasi-municipal corporation, Defendants.

No. 8456.

Supreme Court of Idaho.

July 5, 1956.

Sidney E. Smith, and James W. Ingalls, Pros. Atty., Coeur d'Alene, for defendants.

Robert McFadden, Plummer, and J. N. Leggat, Boise, for plaintiffs-applicants.

PORTER, Justice.

The 1955 Legislature enacted Chapter 184, Session Laws of 1955, providing for the organization and government of hospital districts. In pursuance of the provisions of such Chapter 184, proceedings were initiated in Kootenai County to organize the Kootenai Hospital District. The Board of Commissioners of Kootenai County, after due compliance with the preliminary requirements of said Chapter 184, caused an election to be held on the question of the organization of such hospital district. The Board thereafter having determined that the proposal for the organization of Kootenai Hospital District had been duly carried at such election, entered its order on February 20, 1956, organizing the Kootenai Hospital District.

The plaintiffs herein are residents and taxpayers of Kootenai County. They filed their petition in this court praying for the issuance of a writ of prohibition, prohibiting any further proceedings or acts in connection with the purported Kootenai Hospital District by the defendants on the ground that the Board of County Commissioners of Kootenai County acted in excess of its jurisdiction in making the order organizing such hospital district. An alternative writ of prohibition was issued by this court. A return having been made by defendants, the cause was presented by oral arguments in open court and is now before us for decision.

Defendants have presented several claimed defenses of a procedural nature. We do not deem it necessary to discuss or decide the merits of such defenses for the reason that plaintiffs have not made a prima facie case for the issuance of a writ of prohibition.

That part of Section 3 of Chapter 184, 1955 Session Laws, material in this cause, reads as follows:

"The petition shall set forth:

\*   \*   \*   \*   \*   \*

"(3) A general description of the boundaries of the district or territory to be included therein with such certainty to enable a property owner to determine whether or not his property is within the district.

"(4) A map showing the general boundaries of such district in relation to outstanding natural monuments and terrain features.

\*   \*   \*   \*   \*   \*

"Provided, however, that no such district shall be organized unless it shall appear that the boundaries of said district are wholly within the limits of a single county; that said territory proposed to be organized shall contain not less than one hundred thousand acres of contiguous territory with an assessed valuation of not less than ten million dollars ($10,000,000.00), that there shall be no unnatural extension of the boundaries of said district."

The order of the Board of County Commissioners of Kootenai County organizing Kootenai Hospital District, fixed the territory embraced within such hospital district as the entire county of Kootenai. The claim of plaintiffs that the order in question was without or in excess of the jurisdiction of the Board of County Commissioners to make and enter, is based solely upon the contention that the provisions of the quoted statute do not permit the organization of a hospital district with boundaries coterminous with the boundaries of Kootenai County. Plaintiffs contend that the foregoing provisions of the statute should be interpreted annd construed to mean that a hospital district to be organized thereunder must consist of an area less than a whole county.

In support of their contention, plaintiffs urge that Chapter 35, Title 31, Idaho Code, provides for county hospitals for indigents of the county and others; that Chapter 37, Title 31, Idaho Code, provides for joint city and county hospitals; and that Chapter 184, 1955 Session Laws, should be construed to supplement the statutes providing for county-wide hospitals and be limited in its application to the formation of hospital districts with an area less than a whole county.

An examination of the statute does not disclose any such limitation upon the area of a hospital district. The minimum limitation under the statute of the area of a proposed hospital district is that the same shall not be less than one hundred thousand acres of contiguous territory with an assessed valuation of not less than $10,000,-000.00. The maximum limitation provided by the statute is that the boundaries of the proposed district must lie wholly within the limits of a single county, and its territory

must not lie in two or more counties. Its area may be all or a part of a single county.

In 50 Am.Jur., Statutes, 204, sec. 225, it is said:

"A statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning."

■ In Preston A. Blair Co. v. Jensen, 49 Idaho 118, at page 124, 286 P. 366, at page 367, we said:

"Various rules of construction of statutes which are amendatory of previous statutes, or which are enacted in lieu of repealed statutes, are discussed by respondent and by counsel appearing as amici curiae; but none of them are applicable here, for the reason that there is no ambiguity in the present statute or occasion for construction of it. Where a statute is clear on its face, and when standing alone is fairly susceptible of but one construction, as is chap. 244 in this respect, the courts will adopt that construction, and refuse to consider prior statutes on the same subject."

See also, Curoe v. Spokane & Inland Empire R. Co., 32 Idaho 643, 186 P. 1101, 37 A.L.R. 923.

■ The language of the statute is clear and unambiguous and does not require the application of the rules of construction in order to determine its meaning. It does not call for construction or interpretation in the light of other hospital statutes or otherwise.

■ The order of the Board of County Commissioners of Kootenai County fixing the area of the Kootenai Hospital District the same as the area of Kootenai County with the boundaries of the hospital district and of the county coterminous, complies with the provisions of said Chapter 184, 1955 Session Laws; and the Board was not acting in excess of or without its jurisdiction in making and entering such order. The petition of plaintiffs for the issuance of a writ of prohibition is denied and the alternative writ heretofore issued is quashed. Costs to defendants.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.