852 P.2d 500

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald Rhea BROWNING, Defendant–Appellant.**

**No. 19890.**

Court of Appeals of Idaho.

April 8, 1993.

Petition for Review Denied June 8, 1993.

Alan E. Trimming, Ada County Public Defender and Deborah A. Whipple, Deputy Public Defender, Boise, for appellant.

Larry J. EchoHawk, Atty. Gen. and L. Lamont Anderson, Deputy Atty. Gen., Boise, for respondent.

SILAK, Acting Judge.

Donald Rhea Browning pled guilty pursuant to a plea bargain to forcible sexual penetration by use of a foreign object, I.C. § 18–6608. Browning appeals from the judgment of conviction after reserving the right to appeal under I.C.R. 11(d)(1)(C). We affirm.

## FACTS AND PROCEDURE

Browning entered the residence of the victim in August of 1991, and attempted to rape her. However, Browning was only able to penetrate the victim's vagina with his finger. Browning was indicted for forcible sexual penetration by use of a foreign object, I.C. § 18–6608; battery with intent to commit a serious felony (rape), I.C. §§ 18–903(a), –911; and first degree burglary, I.C. §§ 18–1401, –1402, –1404. Browning moved to dismiss the penetration count and argued that a finger did not constitute a "foreign object" for purposes of I.C. § 18–6608. The district court denied Browning's motion and ruled that a finger was a foreign object.

Browning entered into a plea agreement wherein he pled guilty to the penetration charge in exchange for the state dismissing the other claims and stipulating that he could appeal the district court's denial of his motion to dismiss. Browning appeals, arguing that the legislature did not intend for a finger to be included within the statutory phrase "any object." For the reasons stated below, we affirm.

## STANDARD OF REVIEW

The construction and application of a legislative act present pure questions of law that we review freely. *Hanks v. State*, 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992). Our Supreme Court has stated the primary canon of statutory construction: "where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Otteson v. Board of Commrs. of Madison County*, 107 Idaho 1099, 1100, 695 P.2d 1238, 1239 (1985). "Moreover, unless a contrary purpose is clearly indicated, ordinary words will be given their ordinary meaning when construing a statute." *Bunt v. City of Garden City*, 118 Idaho 427, 430, 797 P.2d 135, 138 (1990).

## ANALYSIS

The first step in analyzing whether a charged act falls within the prohibition of

a statute is to determine if the language of the statute is ambiguous. If the language is not ambiguous then we will not construe the statute. Idaho Code section 18–6608 provides:

> **Forcible penetration by use of a foreign object**—Every person who causes the penetration, however slight, of the genital or anal opening of another person, by any object, instrument or device, against the victim's will by use of force or violence or by duress, or by threats of immediate and great bodily harm, accompanied by apparent power of execution, for the purpose of sexual arousal, gratification or abuse shall be guilty of a felony and shall be punished by imprisonment in the state prison for not more than life.

The language at issue in this appeal is "any object." Browning argues that the meaning of "any object" is narrowed by "instrument or device" and therefore only inanimate objects are meant to be included in the statute. The state argues that "instrument or device" are part of a disjunctive list and we need only address whether "any object" is ambiguous. We agree with the state.

■ A statute is ambiguous when the meaning is so doubtful or obscure that "reasonable minds might be uncertain or disagree as to its meaning." *Hickman v. Lunden*, 78 Idaho 191, 195, 300 P.2d 818, 819 (1956). "However, ambiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous.... [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it." *Rim View Trout Co. v. Higginson*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992).

■ Browning argues that his proffered interpretation of "any object" as used in I.C. § 18–6608 is not ambiguous. The plain, obvious, and rational meaning of language in a statute "is always to be preferred to any curious, narrow, hidden sense

that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover." *Rim View Trout Co.*, 121 Idaho at 823, 828 P.2d at 852. Browning argues that the meaning of "any object" is narrowed by instrument or device · to the "plain, obvious and rational meaning" of "anything other than a body part." Therefore, Browning concludes, the statute only proscribes the use of inanimate objects such as bottles and sticks. This argument is ingenious, however it goes to the statutory construction analysis and does not address the threshold issue of ambiguity.

■ The state also argues that "any object" is not ambiguous. The state urges the following definitions: object is defined as "anything which comes within the cognizance or scrutiny of the senses, especially anything tangible or visible." BLACK'S LAW DICTIONARY, 967 (5th ed. 1979). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1555 (1976) defines object as "something that is put or may be regarded as put in the way of some of the senses: a discrete visible or tangible thing ...: the totality of external phenomena constituting the non-self."

Browning's argument that the word "foreign" in the title of the statute should exclude any body parts, including those of a person other than the victim, is unavailing. "Although the title is part of the act, it may not be used as a means of creating an ambiguity when the body of the act itself is clear." 2A Sands, SUTHERLAND STATUTORY CONSTRUCTION § 47.03 (5th ed. 1992).

Browning's suggestion that the word "object" is defined in terms of animate and inanimate is strained. The plain, obvious and rational meaning of "object," as used in I.C. § 18–6608, includes anything that is tangible. We find that the phrase "any object" is not ambiguous. It includes both animate and inanimate objects, including a human finger. Therefore, we hold that the ordinary meaning of object would include a finger.[1]

---

1. The clear majority of states that have considered this question have concluded that a finger

is an object for purposes of their own statutes. *See, e.g., Stewart v. State*, 555 N.E.2d 121, 126

In conclusion, the phrase "any object" contained in I.C. § 18–6608 is not ambiguous and includes such human body parts as a finger. The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

(Ind.1990), *overruled on other grounds by Lannan v. State,* 600 N.E.2d 1334 (Ind.1992); *State v. Whetstine,* 315 N.W.2d 758, 761 (Iowa 1982); *State v. Lucas,* 302 N.C. 342, 275 S.E.2d 433, 436 (1981). *See also State v. Cain,* 28 Wash.App. 462, 624 P.2d 732, 734 (1981). *But see State v. Hooper,* 57 Ohio St.2d 87, 386 N.E.2d 1348 (1979) (finger not an object).