975 P.2d 1191

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Christopher FURLONG, Defendant–
Appellant.**

**Christopher Furlong, Petitioner–
Appellant,**

**v.**

**State of Idaho, Respondent.**

Nos. 24157, 24228.

Court of Appeals of Idaho.

Feb. 16, 1999.

Review Denied April 7, 1999.

Deborah A. Whipple, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Christopher Furlong appeals from a judgment of conviction entered after a guilty plea to one count of delivery of a controlled substance, Idaho Code § 37–2732. He also appeals from an order granting in part, and denying in part, his application for post-conviction relief. The two appeals have been consolidated.

## FACTS AND PROCEDURE

Furlong was arrested in March 1994 and charged with two counts of delivery of methamphetamine, one count of possession of methamphetamine, and being a habitual violator. Furlong pleaded guilty to one count of delivery, and the State dismissed the other charges. The district court continued the sentencing date to allow completion of a presentence investigation report (PSI) and to allow Furlong to obtain a drug evaluation and get into a treatment program. Furlong did not obtain treatment, however, nor did he provide a substance abuse evaluation to the sentencing court. At the rescheduled sentencing hearing, the district court imposed a unified sentence of ten years, with two years determinate. Furlong filed a Rule 35 motion, requesting a reduction in the sentence. The district court denied the motion.

Subsequently, Furlong, acting *pro se,* filed an application for post-conviction relief, alleging three grounds for relief. First, he alleged that the district court failed to comply with the statutory requirements of I.C. § 37–2738 because the court did not have a substance abuse evaluation before it when sentencing Furlong. Second, Furlong alleged that he received ineffective assistance of counsel at sentencing because, *inter alia,* his attorney did not recognize and object to the court's non-compliance with I.C. § 37–2738. Third, Furlong asserted that he received the inadequate assistance of counsel when his attorney failed to file an appeal from the judgment of conviction and sentence.

The district court conducted an evidentiary hearing at which both Furlong and his former counsel testified. Subsequently, the court granted Furlong partial relief. The court concluded that Furlong had been de-

nied the effective assistance of counsel because of his attorney's failure to file a direct appeal. To effectuate relief for this ineffective assistance, the court entered an amended judgment, reinstating Furlong's right to appeal his judgment of conviction and sentence. The court denied Furlong's claim that the sentence was imposed in an illegal manner, holding that the sentence conformed to the requirements of I.C. § 37–2738 because Furlong had been given a continuance in order to get a drug evaluation and had failed to do so. The court also found that Furlong's counsel was not ineffective at sentencing.

Furlong filed appeals in both the criminal and post-conviction actions. The appeals have been consolidated for disposition.

## ANALYSIS

### A. Statutory Burden to Get a Substance Abuse Evaluation

■ As a part of his direct appeal, Furlong argues that the district court failed to comply with I.C. § 37–2738 because the court imposed sentence without first obtaining a substance abuse evaluation of Furlong. Insofar as relevant to this appeal, § 37–2738 provides:

> Prior to sentencing ... the defendant shall undergo, at his own expense (or at county expense through the procedures set forth in chapters 34 and 35, title 31, Idaho Code), a substance abuse evaluation at a facility approved by the Idaho department of health and welfare. In the event the substance abuse evaluation indicates the need for substance abuse treatment, the evaluation shall recommend an appropriate treatment program, together with the estimated costs thereof, and recommendations for other suitable alternative treatment programs, together with the estimated costs thereof. The person shall request that a copy of the completed evaluation be forwarded to the court. The court shall take the evaluation into consideration to determine an appropriate sentence. If a copy of the completed evaluation has not been provided to the court, the court may proceed to sentence the defendant; howev-

er, in such event it shall be presumed that substance abuse treatment is needed unless it is shown by a preponderance of evidence that treatment is not required. If the defendant has not made a good faith effort to provide the completed copy of the evaluation to the court, the court may consider the failure of the defendant to provide or report an aggravating circumstance in determining an appropriate sentence....

Furlong claims that the language "the defendant shall undergo" and "[t]he court shall take the evaluation into consideration to determine an appropriate sentence" requires that a substance abuse evaluation be completed and that the sentencing court consider the results of the evaluation before imposing the sentence.

This claim of error poses an issue of statutory construction that we will freely review. *City of Sun Valley v. Sun Valley Co.,* 128 Idaho 219, 221, 912 P.2d 106, 108 (1996); *State v. Browning,* 123 Idaho 748, 749, 852 P.2d 500, 501 (Ct.App.1993). The primary canon of statutory construction is, "where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Browning, supra* (quoting *Ottesen v. Board of Commrs. of Madison County,* 107 Idaho 1099, 1100, 695 P.2d 1238, 1239 (1985)). Therefore, the examination of a statute begins with its literal words. *In re Permit No. 36–7200,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992); *Ada County v. Gibson,* 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct. App.1995). Unless the statute clearly indicates a contrary purpose, ordinary words will be given their ordinary meaning. *Bunt v. City of Garden City,* 118 Idaho 427, 430, 797 P.2d 135, 138 (1990); *Browning, supra.*

■ The unambiguous language of § 37–2738 disproves Furlong's argument. The statute plainly authorizes the court to "proceed to sentence the defendant" if "a copy of the completed evaluation has not been provided to the court." Section 37–2738 places the burden of getting a substance abuse evaluation, and providing a copy to the court,

squarely on the shoulders of the defendant.[1] The statute does not, however, empower a defendant·to prevent sentencing indefinitely by declining to obtain or furnish an evaluation to the court. Thus, the district court did not err in proceeding to sentence Furlong when Furlong neglected to provide a substance abuse evaluation after having received ample opportunity to do so.

■ Furlong acknowledges that § 37–2738 does allow the district court to impose sentence in the event that a copy of the completed evaluation is not provided to the court. Furlong asserts that, in such a case, the statute requires the sentencing court to presume that treatment is necessary unless it is shown by a preponderance of the evidence that it is not needed. Furlong argues that the district court did not comply with the statute because it did not reference the statutory presumption in sentencing him.

■ This argument is without merit. The fact that the court did not expressly mention the statutory presumption does not mean that the court failed to recognize or take into account Furlong's obvious need for treatment. The sentencing court is not required to check off or recite each factor that it considers for the benefit of the defendant. *Compare Fenstermaker v. State,* 128 Idaho 285, 289, 912 P.2d 653, 657 (Ct.App.1995) (holding that court need not recite each of the factors in I.C. § 19–2523 at sentencing). The record shows that the district court recognized that Furlong was in need of substance abuse treatment. The court continued the first scheduled sentencing hearing for the express purpose of allowing Furlong to undergo a substance abuse evaluation and obtain treatment. Much of the argument presented at the subsequent sentencing hearing addressed Furlong's long-term drug abuse and need for treatment. The trial court specifically noted that Furlong was using drugs and that his property crimes were related to his drug abuse. The statutory presumption imposes no obligation on the sentencing court to grant probation in order to facilitate treatment, and the sentencing court's refusal of Furlong's request for probation does not mean that the presumption was overlooked or disregarded.

## B. Ineffective Assistance of Counsel

Furlong next challenges the district court's denial of post-conviction relief for ineffective assistance of counsel. He argues that his trial counsel performed deficiently because he failed to object that the sentencing was conducted in violation of I.C. § 37–2738.

■ To prevail on a claim of ineffective assistance of counsel, an applicant must show that the attorney performed deficiently and that prejudice resulted from the deficiency. *Sanchez v. State,* 127 Idaho 709, 713, 905 P.2d 642, 646 (Ct.App.1995); *Hassett v. State,* 127 Idaho 313, 900 P.2d 221 (Ct.App. 1995). To establish a deficiency, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 762, 760·P.2d 1174, 1178 (1988), and to establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the criminal case would have been different. *Id.* at 761, 760 P.2d at 1177.

Furlong's claim of ineffective assistance is disposed of by our holding above that I.C. § 37–2738 was not violated by the sentencing proceedings in this case. If there was no violation of the statute, there was nothing to which defense counsel could have objected, and the failure to object could not constitute deficient performance. *See State v. Fee,* 124 Idaho 170, 176, 857 P.2d 649, 655 (Ct.App. 1993); *Huck v. State,* 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App.1993). Moreover, Furlong has not demonstrated any prejudice ·arising from the absence of a substance abuse evaluation.

## C. Excessive Sentence

■ Furlong's final claim is that his sentence was excessive. An appellate review

---

1. We note that I.C. § 37–2738 allows for defendants who qualify under the procedures set forth in chapters 34 and 35, title 31, of the Idaho Code to get county payment for the substance abuse evaluation. Thus, while the burden of pursuing the evaluation is on the defendant, the economic burden is one that can be borne by the State.

of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). We will examine the record, focusing upon the nature of the offense and the character of the offender, in order to determine whether there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). Where a sentence is within the statutory limits, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). The reasonableness of a term of confinement must be measured against the sentencing goals of protecting society, deterrence, rehabilitation, and retribution. *Brown, supra; State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

An examination of the record here does not support Furlong's claim that his sentence is unreasonable. At the sentencing hearing the court considered Furlong's testimony that he no longer used illegal substances and that he desired to attend a long-term treatment program. However, the PSI made the court also aware that Furlong had a history of failed treatment efforts and probation violations. Furlong had at least four prior felony convictions for thefts and forgery. Also troubling to the district court was the fact that Furlong had a loaded firearm in his possession when he was arrested for the present offense. On this record, we conclude that no abuse of the court's sentencing discretion has been shown.

## CONCLUSION

The district court was authorized to impose sentence on Furlong after he failed to provide a substance abuse evaluation to the court. Therefore, Furlong's sentence was not imposed in an illegal manner, and his attorney was not ineffective for failure to object to the sentencing procedure. The sentence imposed is not excessive. Accordingly, the judgment of conviction and sentence, and the judgment denying further post-conviction relief, are affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN, concur.