111 P.3d 158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kris D. PETERSON, Defendant–Appellant.**

No. 29026.

Court of Appeals of Idaho.

Sept. 14, 2004.

Review Denied April 22, 2005.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Kris D. Peterson appeals from his judgment of conviction, sentences and fines following his conviction on two counts of lewd and lascivious conduct with a child. We affirm.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

The state charged Peterson with two counts of lewd and lascivious conduct with a

child, each involving a different victim. The charges stemmed from allegations that Peterson had molested two of his daughters, aged nine and ten. Peterson pled guilty to both counts. The district court sentenced Peterson to two consecutive sentences of fifteen years with four years determinate. The district court also ordered a fine of $5,000 for each victim pursuant to Idaho Code § 19–5307. Peterson appeals.

## II.

## ANALYSIS

Peterson presents two issues on appeal, arguing that the district court exceeded its authority under I.C. § 19–5307 by ordering Peterson to pay $5,000 to each victim, and that the district court abused its discretion by imposing excessive sentences.

### A. Idaho Code § 19–5307

Idaho Code § 19–5307 provides that the district court may impose a fine of up to $5,000 against any defendant found guilty of certain felonies, including lewd and lascivious conduct with a child. Peterson argues that the statute limits the total judgment against a defendant to $5,000 for each case.

Questions of statutory interpretation are given free review. *State v. Evans*, 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct.App. 2000). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (2001) (citations and internal quotations omitted). The language of the statute is to be given its plain, obvious, and rational meaning. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Id.*

Idaho Code § 19–5307 states:

**Fines in cases of crimes of violence—**

(1) Irrespective of any penalties set forth under state law, and in addition thereto, the court, at the time of sentencing or such later date as deemed necessary by the court, may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsection (2) of this section.

The fine shall operate as a civil judgment against the defendant, and shall be entered on behalf of the victim named in the indictment or information, or the family of the victim in cases of homicide or crimes against children, and shall not be subject to any distribution otherwise required in section 19–4705, Idaho Code. A fine created under this section shall be a separate written order in addition to any other sentence the court may impose.

The fine contemplated in this section shall be ordered solely as a punitive measure against the defendant, and shall not be based upon any requirement of showing of need by the victim. The fine shall not be used as a substitute for an order of restitution as contemplated in section 19–5304, Idaho Code, nor shall such an order of restitution or order of compensation entered in accordance with section 72–1018, Idaho Code, be offset by the entry of such fine.

A defendant may appeal a fine created under this section in the same manner as any other aspect of a sentence imposed by the court. The imposition of a fine created under this section shall not preclude the victim from seeking any other legal remedy; provided that in any civil action brought by or on behalf of the victim, the defendant shall be entitled to offset the amount of any fine imposed pursuant to this section against any award of punitive damages.

(2) The felonies for which a fine created under this section may be imposed are those described in:

. . . .

Section 18–1508, Idaho Code (Lewd conduct with a child under the age of sixteen);

Peterson contends that the plain language of I.C. § 19–5307 limits the maximum possible fine allowable to $5,000. In support of this contention, Peterson emphasizes that the title of the statute refers to "cases," not "charges" or "victims"; that the subject of the statute is the defendant, not the vic-

tim(s); and that the plain language of the statute reads: the court "may impose a fine not to exceed five thousand dollars ($5,000) against any defendant." Peterson therefore concludes that his fine must be vacated or reduced to $5,000 total. Alternatively, Peterson requests that this Court find I.C. § 19–5307 to be ambiguous and apply the rule of lenity.

Peterson's argument is unpersuasive. His reliance on the title of the statute referring to "cases," not "charges" or "victims," is misplaced. "Although the title is part of the act, it may not be used as a means of creating an ambiguity when the body of the act itself is clear." *State v. Browning*, 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct.App.1993) *quoting* 2A Sands, SUTHERLAND STATUTORY CONSTRUCTION § 47.03 (5th ed.1992). More importantly, reading the entirety of the statute is critical to determining the focus and meaning of the statute. By the plain language of the statute, application of the fine turns upon the existence of a felony conviction or convictions. Because Peterson was convicted of two felonies, each of which involved a different victim, we need not determine if $5,000 is the maximum fine potentially imposed per victim named in the charging instrument or whether that amount is the maximum fine potentially assessed per felony conviction. In this matter, either interpretation provides authority for the district court's discretionary decision to impose two $5,000 fines. Peterson received two felony convictions—each conviction naming a different victim. We accordingly conclude that the district court did not exceed its authority in assessing two fines against Peterson.

## B. Excessive Sentences

Peterson next asserts that the district court abused its discretion by imposing excessive sentences, given that he has accepted responsibility, expressed remorse, and is amenable to treatment. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App. 1982).

The instant matter began when Peterson's wife caught him, for the second time, sexually engaged with their children. The first time, his wife saw Peterson fondling their ten-year-old daughter's genitals with his hand. Peterson claimed to be remorseful, promised to get help, and threatened that if his wife alerted authorities, he would take the children away from her. This second time, Peterson had his pants off and was placing the naked child on himself. When interviewed by police, Peterson admitted that he had been molesting one of his daughters from the time she was six years old, and the other from when she was four or five years old. Peterson claimed that he had been attending counseling, but investigation revealed that he was merely sitting in on classes his oldest son, who had also sexually abused children, was required to attend.

There is no evidence that the district court did not consider Peterson's alleged remorsefulness and other potentially mitigating factors in fashioning Peterson's sentence. The district court simply found that these factors did not outweigh the goals of protecting society and punishment. We therefore conclude the district court did not abuse its discretion in imposing Peterson's sentence.

## III.

## CONCLUSION

We conclude the district court did not exceed its authority under I.C. § 19–5307 by imposing two $5,000 fines. We further conclude that the district court did not abuse its discretion in sentencing Peterson to consecutive unified sentences of fifteen years, with four years determinate. Accordingly, Peterson's judgment of conviction, sentences and fines are affirmed.

Chief Judge LANSING and Judge PERRY concur.