**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45032**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 18** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 6, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **GEOFFREY CLAUDE COLEMAN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for exhibition of a deadly weapon, <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Geoffrey Claude Coleman appeals from his judgment of conviction for exhibition of a deadly weapon. Coleman argues that the district court erred when it denied his Idaho Criminal Rule 29 motion for a judgment of acquittal. For the reasons set forth below, we vacate the judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On Christmas Day in 2016, Coleman and his father had two altercations at his father's house. The first altercation occurred when Coleman's father was using an ATV to plow snow. The parties disagree on how the altercation occurred. Ultimately, Coleman ran over his father with the ATV before leaving his father's house. Coleman's father called the police and gave a

1

written statement of the events that had occurred. A short time after the police left, Coleman came back to his father's house with his father's gun in hand. The parties agree that Coleman and his father were the only ones present in the home during this second altercation. The parties also agree that Coleman did not point the gun at his father. However, Coleman did point the gun to his own head while making threats to his father and telling his father to help remove Coleman's truck from the snow. Coleman's father again called the police and gave a written statement. Coleman was charged with aggravated battery, exhibition of a deadly weapon, grand theft, and malicious injury to property.

At trial, Coleman moved for acquittal as to the exhibition of a deadly weapon, arguing that I.C. § 18-3303 required him to exhibit the gun in the presence of two or more persons other than himself and that only he and his father were present at the time of the alleged offense. The State argued that Coleman is one of the two persons and that, if the legislature had intended the defendant to be excluded, the statute would have read "in the presence of two or more persons other than the defendant." The district court agreed with the State, reasoning:

> But exhibition or use of a deadly weapon, the case law makes it clear it is a lesser included of aggravated assault.
> And clearly aggravated assault just requires two people, two or more. You have to have the person with a weapon and the person is assaulted.
> And the way I read the statute is that they're just trying to make clear that if you are exhibiting a weapon in a rude, angry and threatening manner and you're the only one there, that maybe somebody took a video of it somehow or a picture, or caught it on a camera, that doesn't constitute the crime.
> So I'm going to deny the motion.

A jury found Coleman guilty of exhibition of a deadly weapon and acquitted him of all of the other charges. Coleman appeals.

## II.

## STANDARD OF REVIEW

In reviewing the denial of a Rule 29 motion for judgment of acquittal, this Court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt. *State v. Clark*, 161 Idaho 372, 374, 386 P.3d 895, 897 (2016). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v.*

*Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Coleman asserts that there was insufficient evidence to support his conviction for exhibition of a deadly weapon under I.C. § 18-3303. Coleman argues the plain language of the statute requires exhibition of the weapon in the presence of at least two people and, because only he and his father were present when the alleged crime occurred, the State did not meet its burden of proving every element of the offense. The State concedes that only Coleman and his father were present at the time of the alleged offense, but argues that the defendant is included as one of the two persons whose presence is required. We agree with Coleman.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code Section 18-3303 reads:

3

Every person who, not in necessary self-defense, in the presence of two (2) or more persons, draws or exhibits any deadly weapon in a rude, angry and threatening manner, or who, in any manner unlawfully uses the same, in any fight or quarrel, is guilty of a misdemeanor.

The State charged Coleman pursuant to the first portion of the statute, alleging he exhibited a deadly weapon, in the presence of two or more persons, in a rude, angry, or threatening manner and not in necessary self-defense. The parties both contend that the statute is not ambiguous, but disagree as to the plain meaning of the "in the presence of two (2) or more persons" language. Coleman contends that the plain, usual, and ordinary meaning of the phrase at issue excludes the defendant because it requires finding the defendant to be in his own presence, which is inconsistent with the common understanding of the words used in the statute. The State, on the other hand, asserts that the plain meaning of "two or more persons" is "two or more persons" and, because Coleman is a person, he is included as one of the persons contemplated by the statute. With respect to the "in the presence of" language, the State contends Coleman was in the presence of himself and his father. A statute is ambiguous when the meaning is so doubtful or obscure that reasonable minds might be uncertain or disagree as to its meaning. *State v. Browning*, 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct. App. 1993). However, the fact that the parties offer differing interpretations of a statute does not mean the statute is ambiguous. *Id.* We do not find I.C. § 18-3303 ambiguous.

The plain meaning of "in the presence of two (2) or more persons," as used in I.C. § 18-3303, does not include the defendant. Presence is defined as the "quality, state, or condition of being in a particular time and place, particularly with reference to some act that was done then and there." BLACK'S LAW DICTIONARY 1374 (10th ed. 2014). Using this definition, two or more persons must have been present when the act was done, i.e., when Coleman exhibited the deadly weapon. Although Coleman is unquestionably a person, the plain, obvious and rational meaning of doing something in the presence of others excludes the actor. The absence of the word "other" before "persons" does not change what is otherwise plainly intended when the language of the statute is given its ordinary meaning.

Our conclusion in this case is consistent with our prior opinion in *State v. Mason*, 111 Idaho 660, 726 P.2d 772 (Ct. App. 1986). Although this Court in *Mason* did not address the precise issue presented in this case, we considered whether the defendant who was charged with

4

aggravated assault was entitled to an instruction on exhibition of a deadly weapon as a "lesser-included" offense. This Court held that such an instruction was not warranted based on the charging document because that document only alleged conduct involving two people--the defendant and the victim. We reasoned that, because the presence of two or more people is an essential element of exhibiting a deadly weapon and because that element was not contained in the charging document, the crime of exhibiting a deadly weapon was not an included offense under the theory that its elements were charged as the manner or means of the assault. *Id.* at 669, 726 P.2d at 781. However, this Court further held that because the evidence presented showed that the defendant exhibited the deadly weapon in the presence of the victim named in the charging document and in the presence of at least three other persons, the defendant's requested instruction on exhibition of a deadly weapon should have been granted. *Id.* Thus, the underlying premise in *Mason* was that the exhibition of a deadly weapon component of I.C. § 18-3303 requires the presence of two or more people, not including the defendant. That premise was correct, and we squarely hold in this case that the portion of I.C. § 18-3303 which requires the presence of two or more persons means two or more persons other than the defendant.

Idaho Code Section 18-3303 required the State to prove that Coleman exhibited the deadly weapon in the presence of two or more persons other than Coleman. The State did not meet its burden of proof because, as the State concedes, there was no evidence that anyone other than Coleman and his father were present when Coleman exhibited the deadly weapon. Thus, no reasonable view of the evidence presented would support a finding that Coleman violated I.C. § 18-3303. As a result, the district court erred in denying Coleman's Rule 29 motion for judgment of acquittal.[1]

---

[1]     In denying Coleman's motion for judgment of acquittal, the district court reasoned, in part, that "case law makes it clear" that exhibition of a deadly weapon "is a lesser included of aggravated assault" and noted that "clearly aggravated assault just requires two people, two or more"--"the person with a weapon and the person [who] is assaulted." While exhibition of a deadly weapon may, in some instances, be a "lesser included of aggravated assault," as illustrated in *Mason*, exhibition of a deadly weapon is not, as a matter of law, an included offense of aggravated assault because not all of the elements required to sustain a conviction for exhibition of a deadly weapon are included within the elements required to sustain a conviction for aggravated assault. *Compare* I.C. § 18-901 (defining assault as an unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another or as an intentional,

5

## IV.
## CONCLUSION

The district court erred in denying Coleman's Rule 29 motion for judgment of acquittal because the plain language of I.C. § 18-3303 requires proof that the defendant exhibited a deadly weapon in the presence of two or more persons other than the defendant, and the only evidence presented was that Coleman exhibited the deadly weapon in the presence of one other person. Therefore, Coleman's judgment of conviction for exhibition of a deadly weapon is vacated.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

---

unlawful threat by word or act to do violence to the person of another, coupled with apparent ability, coupled with an act that creates a well-founded fear that such violence is imminent) *and* I.C. § 18-905 (defining aggravated assault to include assault with a deadly weapon; assault by any means or force likely to produce great bodily harm; or assault with any vitriol, corrosive acid, or a caustic chemical of any kind) *with* I.C. § 18-3303 (defining exhibition of a deadly weapon).