**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51871**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 20, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| SHANE KENNETH SMITH, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment for restitution, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Shane Kenneth Smith appeals from his judgment for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith was arrested following an incident where he stole a vehicle at knifepoint, cutting the victim's arm in the process. The State charged Smith with robbery; aggravated battery; two counts of felony destruction, alteration, or concealment of evidence; and felony malicious injury to property. Smith subsequently entered a guilty plea to robbery, I.C. § 18-6501, and aggravated battery, I.C. § 18-907. In exchange for his guilty pleas, the State dismissed the remaining charges. At sentencing, the district court imposed two civil fines of $5,000 each pursuant to I.C. § 19-5307. Smith appeals.

1

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Smith asserts the district court erred in imposing two $5,000 civil fines amounting to $10,000, one for each count to which Smith pled guilty. Specifically, Smith argues the statute authorizing an award of a civil fine is unambiguous in its language and should be interpreted as only permitting the district court to order a fine "not to exceed" $5,000 against Smith on behalf of the victim named in the indictment or information. Smith also contends that, because there is only one victim named in the indictment, the fine cannot exceed $5,000. The State responds that the language of I.C. § 19-5307 clearly and unambiguously permits imposing fines per qualifying felony conviction. We hold that Smith has failed to show the district court erred in imposing a $5,000 fine for each qualifying conviction pursuant to I.C. § 19-5307.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.*

Both Smith and the State agree that the statute at issue in this case (I.C. § 19-5307) is unambiguous. However, the parties disagree as to the amount of the fine authorized by the statute's plain language. Smith argues that $5,000 is the maximum fine that can be imposed per victim

named in the indictment or information, while the State contends that the authority to impose fines is triggered by felony convictions, not number of victims. We agree with the State.

Idaho Code Section 19-5307(1) provides, in pertinent part:

> Irrespective of any penalties set forth under state law, and in addition thereto, the court, at the time of sentencing or such later date as deemed necessary by the court, may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsections (2) and (3) of this section.
> The fine shall operate as a civil judgment against the defendant and shall be entered on behalf of the victim named in the indictment or information . . . .
> The fine contemplated in this section shall be ordered solely as a punitive measure against the defendant and shall not be based upon any requirement of showing of need by the victim.

Idaho Code Section 19-5307(2) sets forth a list of the felonies for which a fine authorized by I.C. § 19-5307 may be imposed, which includes robbery, I.C. § 18-6501, and aggravated battery, I.C. § 18-907. It is undisputed that Smith pled guilty to two qualifying felonies.

Although we have not previously addressed the argument made by Smith in this case, our decision in *State v. Peterson*, 141 Idaho 473, 111 P.3d 158 (Ct. App. 2004) is instructive. In *Peterson*, the defendant argued that "the plain language of I.C. § 19-5307 limits the maximum possible fine allowable to $5,000." *Peterson*, 141 Idaho at 475, 111 P.3d at 160. We rejected that argument, explaining: "By the plain language of the statute, application of the fine turns upon the existence of a felony conviction or convictions." *Id.* at 476, 111 P.3d at 161. Because the defendant was convicted of two counts of a qualifying felony, a $10,000 fine was appropriate. *Id.*

The Court in *Peterson* acknowledged that it "need not determine if $5,000 is the maximum fine potentially imposed per victim named in the charging instrument or whether that amount is the maximum fine potentially assessed per felony conviction" because the defendant was convicted of two qualifying felonies, each of which involved a different victim. *Id.* We answer that question now.

The plain language of I.C. § 19-5307 allows the fine to attach to "any" qualifying felony. Although the fine is "entered on behalf of the victim named in the indictment or information," this language, both on its face and in context, does not modify or limit the language authorizing the fine for "any" qualifying felony. This is consistent with the express statement in *Peterson* that "application of the fine turns upon the existence of a felony conviction or convictions." *Peterson*,

141 Idaho at 476, 111 P.3d at 161. Stated differently, it is the qualifying felony conviction or convictions to which the fine attaches, not the individual who may benefit from the fine.

This plain language interpretation is also consistent with how fines generally operate in the criminal context--fines are statutorily authorized for conviction of *an* offense. *See*, *e.g.*, I.C. § 18-904 (providing punishment for battery may include a fine not exceeding $1,000); I.C. § 18-906 (providing that *an* aggravated assault may be punishable by a fine not exceeding $5,000); I.C. § 18-2408 (providing that grand theft is punishable by a fine not exceeding $10,000). Where a defendant is convicted of multiple offenses, each of which is subject to a statutory fine, a sentencing court has discretion to impose multiple fines. The plain language of I.C. § 19-5307 authorizes the same--any conviction on a qualifying felony is subject to imposition of a $5,000 fine. Because Smith pled guilty to two qualifying felonies, the district court did not err in imposing two $5,000 fines pursuant to I.C. § 19-5307.

## IV.

## CONCLUSION

Smith has failed to show the district court erred in imposing two civil fines because the plain language of I.C. § 19-5307 allows a sentencing court to impose a fine for each qualifying felony, regardless of how many victims are named in the indictment or information. Therefore, the district court's judgment for restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4